**Weiguo LONG, Petitioner,**

v.

**Alberto GONZALES,* Attorney General; Michael Garcia, Assistant Secretary, Bureau of Immigration and Customs Enforcement, Department of Homeland Security, Respondents.**

Nos. 03–71071, A76–370–996.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2005.

Decided March 15, 2005.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General.

William Kiang, San Gabriel, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, Los Angeles, CA, CAC–District Counsel, Esq., Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq.,

Robbin K. Blaya, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON and CANBY, Circuit Judges, and REED,** District Judge.

## MEMORANDUM ***

Weiguo Long, a native and citizen of China, petitions for review of the denial of his application for asylum and withholding of removal. Long's application derives from his wife Wan Ping Song's application for political asylum, which alleged that she was forced to undergo three abortions pursuant to China's family planning program. The Immigration Judge ("IJ") denied the application for asylum on the strength of a finding of adverse credibility, and the Board of Immigration Appeals ("BIA") summarily affirmed.[1] Long requests that the panel reverse the IJ's adverse credibility finding and remand for consideration of whether he is entitled by statute to continue with his derivative asylum claim despite his recent divorce from Song. See 8 U.S.C. § 1158(b)(3)(A).

We grant the petition for review and reverse because the IJ's adverse credibility determination was not supported by substantial evidence.[2] An adverse credibility determination cannot be supported

Fed. R.App. P. 43(c)(2).

** The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. While their appeal was pending before the BIA, Long and Song divorced. The BIA remanded Song's case (as well as their son's) for adjustment to lawful permanent resident status because her father is a United States citizen.

2. We utilize the substantial evidence test in reviewing the factual findings that underlie an adverse credibility determination. *Salaam v. INS,* 229 F.3d 1234, 1237–38 (9th Cir.2000).

by mere speculation and conjecture. *Salaam*, 229 F.3d at 1238–39. The IJ speculated that Song could have lied about her menstrual period to evade detection of her pregnancies despite the requirement of the hospital's birth control office that each month's menstrual period be registered. The Country Condition Report[3] states that in Shanghai the "local family planners had strict orders to detect all pregnancies before 4 months had elapsed and were subject to fines and reprimands when women in their jurisdiction were discovered to have evaded detection."

The IJ also questioned why Song would put herself in a position to have three painful, coerced abortions, but the IJ's "astonish[ment]" regarding aspects of Song's testimony cannot "substitute for substantial evidence." *Lopez–Reyes v. INS*, 79 F.3d 908, 912 (9th Cir.1996).

The IJ found Song's testimony not credible because the IJ believed that Song surely would have been sterilized, fined, demoted, fired, or restricted from foreign travel after her repeated pregnancies. The Country Condition Report makes clear, however, that the U.S. Government is "unaware of any general requirements concerning forced sterilization dependent on the number of abortions a woman has had." Furthermore, the family planning laws are not violated (and penalties do not attach) until a woman succeeds in bearing an unauthorized child. The Country Condition Report also makes clear that "[m]ultiple abortions ... have no bearing on travel authorization."

An adverse credibility finding cannot be sustained without first considering plausible and reasonable explanations for any perceived inconsistencies. *See Osorio v. INS*, 99 F.3d 928, 932 (9th Cir.1996). The

IJ did not pursue that alternative. Accordingly, we reverse the IJ's adverse credibility finding. *See Ding v. Ashcroft*, 387 F.3d 1131, 1133 (9th Cir.2004) (holding that when the "bases for the IJ's adverse credibility finding are either unsupported or contradicted by the record evidence, the IJ's adverse credibility decision is not supported by substantial evidence.").

We remand to give the BIA an opportunity to consider whether Long is entitled to pursue a derivative claim as a "spouse" of Song pursuant to 8 U.S.C. § 1158(b)(3)(A), despite his subsequent divorce. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam) ("[A] court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."); *Singh v. Ashcroft*, 362 F.3d 1164, 1172 (9th Cir.2004) (reversing adverse credibility finding but remanding for a determination of eligibility).

PETITION FOR REVIEW GRANTED; REVERSED and REMANDED.

---

**3.** Bureau of Democracy, Human Rights, and Labor, United States Dep't of State, China: Profile of Asylum Claims and Country Condi-

tions (Apr. 14, 1998) ("The Country Condition Report").